# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OrthoAccel Technologies, Inc.,

Civil No. 15-1503 (DWF/TNL)

Plaintiff,

v.

**MEMORANDUM
OPINION AND ORDER**

Devicix, LLC,

Defendant.

---

Matthew D. Spohn, Esq., Norton Rose Fulbright US LLP, counsel for Plaintiff.

Jon R. Russell, Esq., and Michael D. Hutchens, Esq., Meagher & Geer, PLLP, counsel for Defendant.

---

## INTRODUCTION

This matter is before the Court on Defendant Devicix, LLC's ("Devicix" or "Defendant") Motion to Dismiss (Doc. No. 6). For the reasons set forth below, the Court denies the motion.

## BACKGROUND

Plaintiff OrthoAccel Technologies, Inc. ("OrthoAccel" or "Plaintiff") is a medical device company "currently engaged in the development, manufacturing, and marketing of products" relating to dental care and orthodontic treatment, and with its principal place of business in Texas. (Doc. No. 1, Compl. ¶¶ 2, 6.) Devicix is a Minnesota company that provides engineering services to medical device companies. (*See* Doc. No. 8 at 2.)

Plaintiff alleges that it developed and sold AcceleDent, which was the "first FDA-cleared clinical approach to safely accelerate orthodontic tooth movement" and that it planned to develop and release a new device, the AcceleDent Aura. (Compl. ¶¶ 7, 8.) Plaintiff alleges that in order to develop AcceleDent Aura, it requested a quote from several design firms, including Defendant. (*Id.* ¶ 9.) According to Plaintiff, Defendant responded to the request and detailed its qualifications, capabilities, and expertise. (*Id.* ¶¶ 10, 11.) In September 2011, Plaintiff then contracted with Defendant to develop and design AcceleDent Aura. (*Id.* ¶ 12.)

The contract between OrthoAccel and Devicix for the AcceleDent Aura ("the Contract") included provisions relating to the applicable specifications for the product. (*See id.* ¶¶ 14-16.) For example, the Contract included provisions relating to product life and the batteries, among others. (*Id.* ¶ 59.) Plaintiff alleges that Defendant promised to design the product in accordance with these specifications. (*See, e.g., id.* ¶ 37.) According to Plaintiff, however, despite Defendant's representations about its capabilities, Defendant's design process "was plagued by setbacks." (*Id.* ¶ 18.) Plaintiff alleges that at a meeting in September 2012, Devicix's CEO, Mr. DeLange, assured Plaintiff that it would fix the issues and would "get it right." (*Id.* ¶ 19.) Plaintiff alleges that relying upon Devicix's representations, expertise, and design-testing, it released the AcceleDent Aura product. (*Id.* ¶ 20.)

Plaintiff further alleges that it began receiving consumer complaints about the design and functioning of the AcceleDent product and that it confirmed those problems when it investigated the complaints. (*Id.* ¶¶ 21, 22.) According to Plaintiff, it notified

Devicix of these issues, and Devicix then demanded additional payment to remedy the issues; this only resulted in additional problems and defects. (*Id.* ¶¶ 23-25.) Overall, Plaintiff alleges that Defendant's poor quality work resulted in defects that included battery failure, and ultimately unit inoperability, and that the design was outside of the required specifications. (*Id.* ¶ 26.)

Plaintiff asserts that in August 2014 when it contacted Defendant about its failure to properly perform its design work, Defendant denied all responsibility and blamed Plaintiff. (*Id.* ¶¶ 28, 38.) Plaintiff states that it then hired a different firm to correct Defendant's deficiencies. (*Id.* ¶ 29.) Plaintiff alleges that it suffered damages in a number of ways as a result of Defendant's failure to properly perform its work. (*Id.* ¶ 30.)

In its Complaint, Plaintiff asserts seven claims against Defendant: (1) Fraud in the Inducement; (2) Negligent Misrepresentation and Omission; (3) Negligent Performance of Professional Services/Professional Liability; (4) Breach of Contract; (5) Breach of Warranty; (6) Fraud; and (7) Unjust Enrichment. (*Id.* ¶¶ 31-90.)

Defendant seeks dismissal pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure for the following four claims: Fraud in the Inducement; Negligent Misrepresentation and Omission; Fraud; and Unjust Enrichment. (Doc. No. 8 at 2.)

**DISCUSSION**

## I. Legal Standard

### A. Fed. R. Civ. P. 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999) (citation omitted), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a

reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

**B.      Fed. R. Civ. P. 9(b)**

Rule 9(b)of the Federal Rules of Civil Procedure states that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  The purpose of Rule 9(b) is to provide defendants with sufficient notice of the allegations so that they may be able to formulate a response.  *See Abels v. Farmers Commodities Corp*, 259 F.3d 910, 920 (8th Cir. 2001).  The Rule must be read in harmony with the principles of notice pleading.  *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007).  Under Minnesota law, allegations of fraudulent or negligent misrepresentation must be pled with particularity.  *Trooien v. Mansour*, 608 F.3d 1020, 1028 (8th Cir. 2010).  The Eighth Circuit requires that a complaint "plead such facts as the time, place, and content of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result."  *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006); *see also Streambend Props. II, LLC v. Ivy Tower Mpls., LLC*, 781 F.3d 1003, 1013 (8th Cir. 2015).  Put another way, the complaint must set forth the "who, what, when, where, and how" of the alleged fraud.  *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549-50 (8th Cir. 1997); *see also E-Shops Corp. v. U.S. Bank Nat'l Ass'n*, 678 F.3d 659, 663 (8th Cir. 2012).  The level of particularity required, however, will depend upon the nature of the case and the relationship between the parties.  *BJC Health Sys.*, 478 F.3d at 917.

## II. Fraud in the Inducement, Negligent Misrepresentation and Omission, and Fraud

Defendant contends that Plaintiff's claims for fraud in the inducement, negligent

misrepresentation and omission, and fraud should be dismissed for failure to plead them

with the requisite particularity under Rule 9(b) and also for failure to state a claim under

Rule 12(b)(6).

The parties do not dispute that claims for fraud in the inducement, negligent

misrepresentation and omission, and fraud must be pled with particularity. *See* Fed. R.

Civ. P. 9(b) (a party must "state with particularity the circumstances constituting fraud");

*Cox v. Mortg. Electr. Registration Sys., Inc.*, 685 F.3d 663, 672-73 (8th Cir. 2012)

(holding that, "[u]nder Minnesota law, any allegation of misrepresentation, whether

labeled as a claim of fraudulent misrepresentation or negligent misrepresentation, is

considered an allegation of fraud which must be pled with particularity").

In this case, Plaintiff essentially bases its claims for fraud in the inducement,

negligent misrepresentation and omission, and fraud on the same set of underlying

alleged misrepresentations. (*See generally* Compl.) Each of those claims requires a false

representation to state a claim.[1] Therefore, the Court considers the claims together when

---

[1] To state a claim for fraud in the inducement and fraud, a plaintiff must show that: "(1) there was a false representation by a party of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made as of the party's own knowledge without knowing whether it was true or false; (3) with the intention to induce another to act in reliance thereon; (4) that the representation caused the other party to act in reliance thereon; and (5) that the party suffered pecuniary damage as a result of the reliance." *Hoyt Props., Inc. v. Prod. Res. Grp., LLC*, 736 N.W.2d 313, 318 (Minn. 2007) (citation and quotation omitted).

(Footnote Continued on Next Page)

considering whether Plaintiff has alleged those misrepresentations with the requisite

particularity under Rule 9(b).

With respect to all three claims, Defendant argues that Plaintiff's allegations fail to

meet the particularly requirements of Rule 9(b) because the allegations fail to address the

necessary who, what, when, where, and how. Plaintiff counters that its Complaint

contains allegations that are sufficiently particular to meet the requirements of Rule 9(b).

Although admittedly thin, the Court concludes that Plaintiff's allegations are

sufficient to meet the particularity requirements of Rule 9(b) for each of the three claims.

"Rule 9(b) does not require that the exact particulars of every instance of fraud be

alleged, so long as the complaint includes enough detail to inform the defendant of the

core factual basis of the fraud claims." *Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 898

(D. Minn. 2013) (citation and internal quotation marks omitted); *see also Evangelical*

---

(Footnote Continued From Previous Page)

A claim for fraud in the inducement "is only different from a common-law fraud claim in that it requires a claim that the fraud contributed to the formation of a contract." *Target Corp. v. LCH Pavement Consultants, LLC*, Civ. No. 12-1912, 2013 WL 4400390, at *6 (D. Minn. Aug. 9, 2013) (citations omitted). Further, the elements of intentional or fraudulent misrepresentation and the elements of fraud are identical. *Jane Doe 43C v. Diocese of New Ulm*, Civ. No. A08-0729, 2009 WL 605749, at *5 (Minn. Ct. App. Mar. 10, 2009) (citations omitted).

To state a claim for negligent misrepresentation, a plaintiff must show that: (1) a duty of care was owed by the defendant to the plaintiff; (2) the defendant supplied false information to the plaintiff; (3) plaintiff justifiably relied upon that information; and (4) defendant failed to exercise reasonable care in communicating the information. *Williams v. Smith*, 820 N.W.2d 807, 815-16 (Minn. 2012).

"Fraudulent misrepresentation and negligent misrepresentation have distinctive elements and require different types of proof. Fraud is distinguished from negligence by the element of scienter required. Fraud is an intentional tort and scienter is an essential element." *Diocese of New Ulm*, 2009 WL 605749, at *5 (citing *Florenzano v. Olson,* 387 N.W.2d 168, 173 (Minn. 1986) (internal citations and quotations omitted).

*Lutheran Church in Am. Bd. of Pensions v. Spherion Pac. Workforce LLC,* Civ.

No. 04-4791, 2005 WL 1041487, at *3 (D. Minn. May 4, 2005) (holding that in

determining whether allegations of fraud are sufficiently pled, the Court should consider

the complaint as a whole, and finding that a claim of negligent misrepresentation

survived where the complaint, "analyzed as a whole, adequately put[ ] [the defendant] on

notice of the particular instances of misrepresentation claimed by [the plaintiff]").

Here, in its Complaint, Plaintiff first alleges that a number of misrepresentations

and omissions were made at the time the Contract was signed. (*See* Compl.

¶¶ 14-17, 26.) Plaintiff also identifies specific statements made by Devicix's CEO

regarding Devicix's capabilities, skills, and the status of its performance, including its

work remedying already identified problems with its design and product. (*See* Compl.

¶¶ 19, 27, 28, 75.) These allegations meet at least the "what" of the particularity

requirements. *See, e.g., Dig. Angel Corp. v. Corporativo SCM, S.A. de C.V.*, Civ.

No. 05-1060, 2006 WL 1228859, at *4-5 (D. Minn. May 8, 2006) (outlining those

misrepresentations and omissions that meet the "what" requirement, including

misrepresentations to deliver something per the specifications in an agreement). Further,

Plaintiff identifies at least one specific date and place, a September 2012 meeting at

OrthoAccel's office in Texas, and a specific individual, Mr. DeLange, Devicix's CEO,

for some of the above misrepresentations—this meets at least some "where," "when,"

"who," and "how" requirements. Plaintiff also alleges that Defendant's representations

regarding the work Defendant was performing were false because the product was

released with problems. Plaintiff also alleges that it relied on Defendant's

representations.  Further, Plaintiff makes a number of other allegations about the

representations in the underlying contract, including with respect to testing, but which

Plaintiff alleges could not have been properly done in light of the product's problems.

(*See, e.g.*, Compl. ¶ 47.)  These details further support Plaintiff's allegations of

misrepresentation and fraud.  In sum, all of these allegations set forth the "who, what,

when, where, and how," *Parnes*, 122 F.3d at 549-50, of the alleged misrepresentations

and fraud, and also achieve the purpose of providing defendants with sufficient notice of

the allegations at issue so that they may be able to formulate a response, *Abels*, 259 F.3d

at 920.  Thus, these allegations are sufficiently particular.

Next, Defendant argues that even if sufficiently particular, Plaintiff's allegations

are still insufficient to state claims upon which relief can be granted pursuant to

Rule 12(b)(6).  Specifically, Defendant contends that even if the above allegations were

deemed to be sufficiently particular, those particulars are only "puffery" which is not

actionable as fraud under Minnesota law.  *See Am. Italian Pasta Co. v. New World Past*

*Co.*, 371 F.3d 387, 390-91 (8th Cir. 2004) (stating that statements that are "puffery" are

non-actionable statements).  Plaintiff appears to counter that the statements in its

Complaint are actionable statements, not "puffery."  Here again, because Plaintiff

essentially bases its claims for fraud in the inducement, negligent misrepresentation and

omission, and fraud on the same set of underlying alleged misrepresentations, the Court

considers the claims together when addressing whether Plaintiff has properly stated its

claims.

"Puffery includes exaggerated blustering or boasting and vague, subjective statements of superiority." *Bernstein v. Extendicare Health Servs., Inc.*, 607 F. Supp. 2d 1027, 1031-32 (D. Minn. 2009) (citing *Am. Italian Pasta Co.*, 371 F.3d at 391). Further, "[g]eneral assertions of quality are also puffery because 'quality' is a vague, subjective concept." *Id*. (citing *Am. Italian Pasta Co.*, 371 F.3d at 393).

In this case, Plaintiff's alleged statements are neither subjective nor simply exaggerated blustering. Instead, they are specific statements relating to a specific product. For example, Plaintiff's allegations include very specific statements about product specifications under the Contract involving product life and battery life. Such statements are different from statements identified by Defendants in other cases relating to generalized expressions regarding "high quality" or being the "best" in the market. *See, e.g., id.* (finding statements by a hospital that it has established "rigorous standards" to constitute "puffing"); *see also, e.g., LensCrafters, Inc. v. Vision World, Inc.*, 943 F. Supp. 1481, 1498 (D. Minn. 1996) (statements that a lens maker's equipment was the "most advanced equipment available" were "puffery"); *Marvin Lumber & Cedar Co. v. PPG Inds., Inc.*, 223 F.3d 873, 880 (8th Cir. 2000) (statements that a product was "better" than other products was "puffery"). Here, specific promises between the two parties regarding the parties' Contract for the design and production of a particular product are substantially different from general statements that Defendant's work is top quality or statements of that nature. Thus, the Court concludes that these statements are not "ordinary sales puffing" and are actionable.

Finally, while certain allegations included in Plaintiff's Complaint may be puffery, for example "workmanlike manner," and may not be actionable, it is not the case that each allegation in the Complaint need be actionable, instead the allegations as a whole must support a claim, which they do in this case. *See, e.g., Evangelical Lutheran Church,* 2005 WL 1041487, at *3 (holding that "[a]lthough [a particular] allegation, taken alone, fails the particularity test, [the plaintiff's] Complaint, analyzed as a whole, adequately puts [the defendant] on notice of the particular instances of misrepresentation claimed by [the plaintiff]"). Accordingly, assuming "all facts in the complaint to be true and constru[ing] all reasonable inferences from those facts in the light most favorable to the complainant," *Morton*, 793 F.2d at 187, Plaintiff's Complaint contains "enough facts to state [claims that are] plausible on [their] face." *Twombly*, 550 U.S. at 570.

Defendant also argues that Minnesota does not allow for liability for misrepresentations based on non-disclosure, and asserts that because Plaintiff failed to cite any cases on this issue, the omissions alleged in the Complaint cannot support Plaintiff's claims and must be dismissed. However, Plaintiff's failure to cite a case in support of its alleged omissions does not mandate dismissal. More importantly, there is support in the caselaw for the proposition that "negligent misrepresentation claims under Minnesota law encompass the omission of material information." *Trooien v. Mansour*, Civ. No. 06-3197, 2012 WL 3030784, at *2 (D. Minn. July 25, 2012) (citing *M.H. v. Caritas Family Servs.*, 488 N.W.2d 282, 289 (Minn.1992) ("A misrepresentation may be made . . . by concealing or not disclosing certain facts that render the facts that are disclosed misleading.")); *see also Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978,

985 (8th Cir. 2008) (stating that "[t]o succeed in a negligent misrepresentation claim under Minnesota law, a plaintiff must prove that: the defendant . . . failed to communicate information that it knew or should have discovered"); *Vikse v. Flaby*, 316 N.W.2d 276, 283 n.9 (Minn. 1982); *Florenzano,* 387 N.W.2d at 174 & n.3. Thus, the omissions as included by Plaintiff in its Complaint properly support Plaintiff's misrepresentation and fraud claims.

In sum, the allegations in Plaintiff's Complaint are sufficiently particular to meet the requirements of Rule 9(b) for Plaintiff's fraud in the inducement, negligent misrepresentation and omission, and fraud claims. Further, Plaintiff's allegations are actionable as fraud and are not merely non-actionable puffery. Finally, omissions are properly considered with respect to Plaintiff's negligent misrepresentation claims. Therefore, the Court denies Defendant's motion to dismiss these claims.

**III.    Unjust Enrichment**

Defendant also contends that Plaintiff's claim for unjust enrichment should be dismissed for failure to plead it with the requisite particularity under Rule 9(b) and for failure to state a claim under Rule 12(b)(6).

Under Minnesota law, "[t]he elements of unjust enrichment are: (1) a benefit conferred; (2) the defendant's appreciation and knowing acceptance of the benefit; and (3) the defendant's acceptance and retention of the benefit under such circumstances that it would be inequitable for him to retain it without paying for it." *Dahl v. R.J. Reynolds Tobacco Co.*, 742 N.W.2d 186, 195 (Minn. App. 2007). When allegations of fraud underlie an unjust enrichment claim, Rule 9(b)'s heightened pleading standards are

applicable.  *Liberty Mut. Fire Ins. Co. v. Acute Care Chiropractic Clinic P.A.*, Civ.

No. 14-2651, 2015 WL 632187, at *19 (D. Minn. Feb. 13, 2015).

As detailed above by the Court, Plaintiff has alleged its fraud claims with

sufficient particularity to overcome Defendant's motion to dismiss; therefore, the same is

true for its unjust enrichment claim.  Further, Plaintiff presents facts, when construed in

the light most favorable to Plaintiff, that adequately state a claim for unjust enrichment.

Plaintiff alleges that Defendant received payment for the services not rendered under the

contract as well as for work done to remedy the alleged defects; that Defendant received

those payments knowing the product would be defective and that they could not fix it;

and that they have retained those funds.  (*See* Compl. ¶¶ 27-29, 84-90.)  Therefore,

Plaintiff has also met its burden with respect to its unjust enrichment claim.  Accordingly,

the Court denies Defendant's motion to dismiss Plaintiff's unjust enrichment claim.[2]

### CONCLUSION

Although admittedly thin, and although this action appears to fundamentally be a

breach of contract action, Plaintiff's allegations are sufficient to state claims for fraud in

the inducement, negligent misrepresentation and omission, fraud, and unjust enrichment

at this stage and are alleged with sufficient particularity under Rule 9(b).  The Court

further notes that, on the record before it, Plaintiff will likely face an uphill battle at the

summary judgment stage with respect to its fraud and misrepresentation claims.

---

[2]     The Court assumes that the parties are in agreement that the unjust enrichment
claim has been pled in the alternative.

Similarly, a victory at this stage in the proceedings does not necessarily signal a victory at later stages in the case.

## ORDER

Accordingly, based on the foregoing, and on the files, records, and proceedings, herein, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. No. [6]) is **DENIED**.

Dated:  July 29, 2015                s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge